

FILED
SEP 2 7 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**SABRINA C. JUREIDINI,**

Plaintiff,

v.

Civil Action No. 3:16-CV-797

**EQUIFAX INFORMATION SERVICES, L.L.C.**
Please Serve:
Corporation Service Company
Bank of America Center, 16th Floor
1111 East Main Street
Richmond, Virginia 23219
Registered Agent,

**EXPERIAN INFORMATION SOLUTIONS, INC.**
Please Serve:
David N. Anthony, Esquire
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia 23219
Registered Agent,

**TRANS UNION, L.L.C.**
Please Serve:
Corporation Service Company
Bank of America Center, 16th Floor
1111 East Main Street
Richmond, Virginia 23219
Registered Agent,

**BANK OF AMERICA, N.A.**
Please Serve:
CT Corporation System
4701 Cox Road, Suite 285
Glen Allen, Virginia 23030
Registered Agent,

**HSBC BANK USA, N.A.**
Please Serve:
Any Officer
1800 Tysons Boulevard
McLean, Virginia 22102,

**SYNCHRONY BANK**
Please Serve:
Synchrony Bank
c/o Secretary of the Commonwealth
of Virginia
170 West Election Road, Suite 125
Draper, Utah 84020

Defendants.

COMPLAINT

Sabrina C. Jureidini ("Jureidini"), by counsel, sets forth the following to the Court:

I.    <strong>Preliminary Statement</strong>

1.    This is an action for actual, statutory and punitive damages, costs and attorney's fees pursuant to 15 U.S.C. §1681 *et seq.* (Federal Fair Credit Reporting Act – "FCRA").

II.    <strong>Jurisdiction</strong>

2.    This Court has jurisdiction as to this case under the provisions of 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

III.    <strong>Parties</strong>

3.    Jureidini is a natural person domiciled in the Commonwealth of Virginia.

4.    Equifax Information Services, L.L.C. ("Equifax") is a for-profit corporation doing business in the Commonwealth of Virginia. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

5.   Experian Information Solutions, Inc. ("Experian") is a for-profit corporation doing business in the Commonwealth of Virginia. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties. Experian disburses such consumer reports to third parties under contract for monetary compensation.

6.   Trans Union, L.L.C. ("Trans Union") is a for-profit corporation doing business in the Commonwealth of Virginia. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

7.   Bank of America, N.A. ("Bank of America") is a for-profit bank doing business in the Commonwealth of Virginia. At all times relevant to this action, Bank of America was a "furnisher" as governed by the FCRA. Bank of America is the successor-in-interest to FIA Card Services, N.A. ("FIA Card Services"), thereby taking on the rights, obligations, and liabilities of FIA Card Services. Any duty, obligation, liability, action, or omission in this complaint by FIA Card Services will be referred to as by Bank of America.

8.   HSBC Bank USA, N.A. ("HSBC Bank") is a for-profit bank doing business in the Commonwealth of Virginia. At all times relevant to this action, HSBC Bank was a "furnisher" as governed by the FCRA.

9.   Synchrony Bank is a for-profit bank doing business in the Commonwealth of Virginia. At all times relevant to this action, Synchrony Bank was a "furnisher" as governed by the FCRA.

## Venue

10.  Venue is proper in this Court because the Defendants maintain registered offices within the boundaries of the Eastern District of Virginia, Jureidini is domiciled in the Commonwealth of Virginia, and a significant part of Jureidini's claims occurred in this District and Division.

## Facts

### *Facts Applicable to All Counts*

11.  In 2014, Jureidini obtained credit reports which included reporting by Equifax, Experian, and TransUnion (the "CRA Defendants"). Those reports revealed to Jureidini that the CRA Defendants were reporting inaccurate information within her credit files.

12.  In particular, Equifax, Experian, and Trans Union were reporting that:

A.   Jureidini had a delinquent credit card account with Bank of America, owing a "charged off" balance of $5,103.

B.   Jureidini had a delinquent credit card account with HSBC Bank with an account status of "Charge-Off," and the account had been transferred or sold to a collection agency.

4

C.   Jureidini had a delinquent charge card account with Synchrony Bank, owing a "charged off" balance on that account, and the account had been transferred or sold to a collection agency.

D.   Jureidini had a collection account with Asset Acceptance, LLC ("Asset Acceptance") for the charged off balance of the HSBC Bank credit card.[1]

13.   This reporting described in paragraph 12 above was false. Jureidini had no personal responsibility for these accounts because they had been opened by her ex-husband, Matthew Rodgers ("Rodgers"), without her agreement to become a co-borrower. Jureidini had not agreed orally, in writing, or in any other manner to become liable for repayment of the accounts listed in paragraph 12 above.

14.   Rodgers and Jureidini were granted a divorce on September 13, 2011 in Missouri state court.

15.   From September through December 2014, Jureidini, with the assistance of her husband, John Jureidini, made internet disputes to the CRA Defendants and sent written disputes directly to the Furnishers listed in paragraph 12 above. Jureidini based those disputes on the fact that she had not agreed orally, in writing, or in any other manner to become liable for repayment of the accounts listed in paragraph 12 above.

16.   Beginning in October 2014, the CRA Defendants provided Investigation Results to Jureidini as follows:

A.   Equifax verified the reporting of the accounts listed in paragraph 12 above.

B.   Trans Union verified the reporting of the accounts listed in paragraph 12

---

[1] For purposes of this complaint, Jureidini will collectively refer to Bank of America, HSBC Bank, Synchrony Bank, and Asset Acceptance as the "Furnishers."

above.

C.      Experian verified the reporting of the accounts listed in paragraph 12 above.

17.    The verifications and reportings by the CRA Defendants were false and inaccurate. Jureidini was not liable for any of the accounts listed in paragraph 12 above because she had not agreed orally, in writing, or in any other manner to become liable for repayment of those accounts.

18.    The CRA Defendants received but ignored Jureidini's disputes and refused to delete the inaccurate information regarding accounts listed in paragraph 12 above.

19.    The CRA Defendants had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the information.

20.    On multiple occasions, the CRA Defendants furnished Jureidini's consumer reports to multiple entities – each of which contained the inaccurate derogatory information regarding the accounts listed in paragraph 12 above.

21.    As a result of the inaccurate reporting of the accounts listed in paragraph 12 above, Jureidini suffered actual damages, including inability to obtain a mortgage loan from C&F Mortgage Corporation; serious difficulty in obtaining a mortgage loan with Movement Mortgage, LLC; damage to her credit rating; lost opportunities to enter into consumer credit transactions; denial of credit and aggravation; inconvenience; embarrassment; and frustration.

**Count One – Violation of the Federal Fair Credit Reporting Act**
**(15 USC § 1681e(b)) – Suit Against Equifax, Experian, and Trans Union for**
**Statutory, Compensatory, and Punitive Damages and for Attorney's Fees and Costs**

22.    Jureidini re-avers and incorporates all other factual allegations set forth in the Complaint.

23.   Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to

establish or to follow reasonable procedures to assure maximum possible accuracy

in the preparation of Jureidini's credit reports and credit files they published and

maintained concerning Jureidini.

24.   As a proximate result of Equifax, Experian, and Trans Union's violations of 15 U.S.C.

§ 1681e(b), Jureidini suffered actual damages, including but not limited to: loss of

credit, lost opportunities to enter into consumer credit transactions, damage to

reputation, embarrassment, humiliation, and other mental and emotional distress.

25.   The violations by Equifax, Experian, and Trans Union were willful, rendering them

liable for punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and Trans Union were

negligent, which entitles Jureidini to recovery under 15 U.S.C. § 1681o.

26.   Jureidini is entitled to recover actual damages, statutory damages, costs, and

attorney's fees from Equifax, Experian, and Trans Union in an amount to be

determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**Count Two – Violation of the Federal Fair Credit Reporting Act**
**(15 U.S.C. § 1681i(a)(1)) – Suit Against Equifax, Experian, and Trans Union for**
**Statutory, Compensatory, and Punitive Damages and for Attorney's Fees and Costs**

27.   Jureidini re-avers and incorporates all other factual allegations set forth in the

Complaint.

28.   Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681i(a)(1) by failing to

conduct reasonable reinvestigations to determine whether the disputed information

was inaccurate and record the current status of the disputed information or delete

the disputed items from Jureidini's credit file.

29.     As a proximate result of Equifax, Experian, and Trans Union's violations of 15 U.S.C. § 1681i(a)(1), Jureidini suffered actual damages, including but not limited to: loss of credit, lost opportunities to enter into consumer credit transactions, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

30.     The violations by Equifax, Experian, and Trans Union were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and Trans Union were negligent, which entitles Jureidini to recovery under 15 U.S.C. § 1681o.

31.     Jureidini is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Equifax, Experian, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**Count Three – Violation of the Federal Fair Credit Reporting Act
(15 U.S.C. § 1681i(a)(2)(A)) – Suit Against Equifax, Experian, and Trans Union for
Statutory, Compensatory, and Punitive Damages and for Attorney's Fees and Costs**

32.     Jureidini re-avers and incorporates all other factual allegations set forth in the Complaint.

33.     Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681(a)(2)(A) by failing to provide the Furnishers with all the relevant information regarding Jureidini's disputes.

34.     As a proximate result of Equifax, Experian, and Trans Union's violations of 15 U.S.C. § 1681(a)(2)(A), Jureidini suffered actual damages, including but not limited to: loss of credit, lost opportunities to enter into consumer credit transactions, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

35.     The violations by Equifax, Experian, and Trans Union were willful, rendering them

        liable for punitive damages in an amount to be determined by the Court pursuant to

        15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and Trans Union were

        negligent, which entitles Jureidini to recovery under 15 U.S.C. § 1681o.

36.     Jureidini is entitled to recover actual damages, statutory damages, costs, and

        attorney's fees from Equifax, Experian, and Trans Union in an amount to be

        determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**Count Four – Violation of the Federal Fair Credit Reporting Act
(15 U.S.C. § 1681i(a)(4)) – Suit Against Equifax, Experian, and Trans Union for
Statutory, Compensatory, and Punitive Damages and for Attorney's Fees and Costs**

37.     Jureidini re-avers and incorporates all other factual allegations set forth in the

        Complaint.

38.     Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to

        review and consider all relevant information submitted by Jureidini.

39.     As a proximate result of Equifax, Experian, and Trans Union's violations of 15 U.S.C.

        § 1681i(a)(4), Jureidini suffered actual damages, including but not limited to: loss of

        credit, lost opportunities to enter into consumer credit transactions, damage to

        reputation, embarassment, humiliation, and other mental and emotional distress.

40.     The violations by Equifax, Experian, and Trans Union were willful, rendering them

        liable for punitive damages in an amount to be determined by the Court pursuant to

        15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and Trans Union were

        negligent, which entitles Jureidini to recovery under 15 U.S.C. § 1681o.

41.     Jureidini is entitled to recover actual damages, statutory damages, costs, and

        attorney's fees from Equifax, Experian, and Trans Union in an amount to be

determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**Count Five – Violation of the Federal Fair Credit Reporting Act**
**(15 U.S.C. § 1681i(a)(5)(A)) – Suit Against Equifax, Experian, and Trans Union for**
**Statutory, Compensatory, and Punitive Damages and for Attorney's Fees and Costs**

42.    Jureidini re-avers and incorporates all other factual allegations set forth in the

Complaint.

43.    Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681i(a)(5)(A) by failing to

promptly delete the disputed inaccurate items of information from Jureidini's credit

file or modify the items of information upon a lawful reinvestigation.

44.    As a proximate result of Equifax, Experian, and Trans Union's violations of 15 U.S.C.

§ 1681i(a)(4), Jureidini suffered actual damages, including but not limited to: loss of

credit, lost opportunities to enter into consumer credit transactions, damage to

reputation, embarrassment, humiliation, and other mental and emotional distress.

45.    The violations by Equifax, Experian, and Trans Union were willful, rendering them

liable for punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and Trans Union were

negligent, which entitles Jureidini to recovery under 15 U.S.C. § 1681o.

46.    Jureidini is entitled to recover actual damages, statutory damages, costs, and

attorney's fees from Equifax, Experian, and Trans Union in an amount to be

determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**Count Six – Violations of the Federal Fair Credit Reporting Act (15 U.S.C. § 1681s-**
**2(b)(1)(A)) – Suit Against Bank of America, HSBC Bank, and Synchrony Bank for**
**Statutory, Compensatory, and Punitive Damages and for Attorney's Fees and Costs**

47.    Jureidini re-avers and incorporates all other factual allegations set forth in the

Complaint.

48.   On one or more occasions (including within the past two years), by example only and without limitation, Bank of America, HSBC Bank, and Synchrony Bank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Jureidini's disputes.

49.   When Jureidini submitted her disputes to the CRA Defendants, they used a dispute system named, "e-Oscar." E-Oscar has been adopted by the CRA Defendants and by their furnisher-customers such as Bank of America, HSBC Bank, and Synchrony Bank. It is an automated system and the procedures used by the CRA Defendants are systemic and uniform.

50.   When the CRA Defendants receive a consumer dispute, they (usually via an outsourced vendor) translate that dispute into an "ACDV" form.

51.   Upon information and belief, the ACDV form is the method by which Bank of America, HSBC Bank, and Synchrony Bank have elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

52.   On information and belief, Jureidini avers that, to date, Bank of America, HSBC Bank, and Synchrony Bank have not complained to the CRA Defendants about the amount of information they receive regarding a consumer dispute through the e-Oscar system or through ACDVs.

53.   If Bank of America, HSBC Bank, and/or Synchrony Bank receive a consumer dispute ACDV form, they are aware that they may also contact the CRA Defendant that sent it to obtain more information regarding a consumer's dispute.

54.   Based on the manner in which the CRA Defendants responded to Jureidini's disputes, representing that Bank of America, HSBC Bank, and Synchrony Bank had

"verified" the supposing accuracy of their reporting, Jureidini avers that the CRA Defendants did in fact forward Jureidini's disputes via ACDVs to Bank of America, HSBC Bank, and Synchrony Bank.

55. Bank of America, HSBC Bank, and Synchrony Bank understood the nature of Jureidini's disputes when they received ACDVs from the CRA Defendants.

56. When Bank of America, HSBC Bank, and Synchrony Bank received ACDVs from the CRA Defendants, they could have reviewed their own systems and correspondence from Jureidini and discovered additional substance to Jureidini's disputes.

57. Notwithstanding the above, Bank of America, HSBC Bank, and Synchrony Bank conducted a cursory review of their internal computer systems for credit reporting and regurgitated back to the ACDV system the inaccurate information previously reported to the CRA Defendants.

58. When Bank of America, HSBC Bank, and Synchrony Bank received ACDVs from the CRA Defendants, they did not conduct substantive reviews to determine whether or not the information in their credit reporting computer system was accurate.

59. In general, when Bank of America, HSBC Bank, and Synchrony Bank receive consumer disputes through e-Oscar, they do not conduct a substantive review of any sort to determine whether or not the information already in their computer system is itself accurate.

60. As a proximate result of Bank of America, HSBC Bank, and Synchrony Bank's violations of 15 U.S.C. § 1681s-2(b)(1)(A), Jureidini suffered actual damages, including but not limited to: loss of credit, lost opportunities to enter into consumer credit transactions, damage to reputation, embarassment, humiliation, and other

mental and emotional distress.

61. The violations by Bank of America, HSBC Bank, and Synchrony Bank were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

62. The law in this District, the Fourth Circuit, and even nationally has long been set to require a detailed and searching investigation by a creditor when it receives a consumer's FCRA dispute through a CRA.

63. Bank of America, HSBC Bank, and Synchrony Bank were aware of the *Johnson v. MBNA* decision by the Fourth Circuit when they followed their respective ACDV procedures used regarding Jureidini's disputes.

64. On information and belief, Jureidini alleges that the procedures followed regarding her FCRA disputes through e-Oscar were the procedures that Bank of America, HSBC Bank, and Synchrony Bank intended their employees and/or agents to follow.

65. On information and belief, Jureidini alleges that Bank of America, HSBC Bank, and Synchrony Bank's employees and/or agents did not make a mistake (in the way in which they followed applicable procedures) when they received, processed, and responded to the CRA Defendants ACDVs.

66. On information and belief, Jureidini alleges that Bank of America, HSBC Bank, and Synchrony Bank have not materially changed their FCRA investigation procedures despite learning of their failures in this matter and other similar matters.

67. In the alternative, Bank of America, HSBC Bank, and Synchrony Bank were negligent, which entitles Jureidini to recovery under 15 U.S.C. § 1681o.

68. Jureidini is entitled to recover actual damages, statutory damages, costs, and

attorney's fees from Bank of America, HSBC Bank, and Synchrony Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**Count Seven – Violations of the Federal Fair Credit Reporting Act (15 U.S.C. § 1681s-2(b)(1)(A)) – Suit Against Bank of America, HSBC Bank, and Synchrony Bank for Statutory, Compensatory, and Punitive Damages and for Attorney's Fees and Costs**

69.     Jureidini re-avers and incorporates all other factual allegations set forth in the Complaint.

70.     On one or more occasions (including within the past two years), by example only and without limitation, Bank of America, HSBC Bank, and Synchrony Bank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the CRA Defendants.

71.     As Jureidini detailed in Count Six, Bank of America, HSBC Bank, and Synchrony Bank have elected to use the e-Oscar system for their FCRA disputes received through the CRA Defendants.

72.     Bank of America, HSBC Bank, and Synchrony Bank are aware of the meaning of the several dispute codes used by the CRA Defendants in e-Oscar.

73.     Bank of America, HSBC Bank, and Synchrony Bank do not contend that the ACDV system is an inadequate means to receive FCRA disputes through the CRAs.

74.     Bank of America, HSBC Bank, and Synchrony Bank understood Jureidini's disputes.

75.     Nevertheless, Bank of America, HSBC Bank, and Synchrony Bank ignored such information and instead simply regurgitated the same information they had previously reported to the CRA Defendants.

76.     As a proximate result of Bank of America, HSBC Bank, and Synchrony Bank's violations of 15 U.S.C. § 1681s-2(b)(1)(B), Jureidini suffered actual damages,

14

including but not limited to: loss of credit, lost opportunities to enter into consumer credit transactions, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

77. The violations by Bank of America, HSBC Bank, and Synchrony Bank were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Bank of America, HSBC Bank, and Synchrony Bank were negligent, which entitles Jureidini to recovery under 15 U.S.C. § 1681o.

78. Jureidini is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Bank of America, HSBC Bank, and Synchrony Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**Count Eight – Violations of the Federal Fair Credit Reporting Act**
**(15 U.S.C. § 1681s-2(b)(1)(C), (D) and (E)) – Suit Against Bank of America,**
**HSBC Bank, and Synchrony Bank for Statutory, Compensatory,**
**and Punitive Damages and for Attorney's Fees and Costs**

79. Jureidini re-avers and incorporates all other factual allegations set forth in the Complaint.

80. On one or more occasions (including within the past two years), by example only and without limitation, Bank of America, HSBC Bank, and Synchrony Bank violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing their representations within Jureidini's credit files with the CRA Defendants without also including a notation that these debts were disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency and to permanently and lawfully correct their own internal records to prevent the re-reporting of the inaccurate reporting.

81.  Bank of America, HSBC Bank, and Synchrony Bank:

A.   Failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when they responded to the CRA Defendants.

B.   Failed to permanently and lawfully correct their own internal records to prevent re-reporting of the inaccurate information set forth in paragraph 12 above.

82.  Jureidini's disputes were *bona fide* because Jureidini had not agreed orally, in writing, or in any other manner to become liable for repayment of the accounts listed in paragraph 12 above.

83.  As a proximate result of Bank of America, HSBC Bank, and Synchrony Bank's violations of 15 U.S.C. § 1681s-2(b)(1)(C) and (D), Jureidini suffered actual damages, including but not limited to: loss of credit, lost opportunities to enter into consumer credit transactions, damage to reputation, embarassment, humiliation, and other mental and emotional distress.

84.  The violations by Bank of America, HSBC Bank, and Synchrony Bank were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

85.  Bank of America, HSBC Bank, and Synchrony Bank were aware of the *Saunders v. B B & T* FCRA decision by Fourth Circuit when they followed their ACDV procedures regarding Jureidini's disputes.

86.  On information and belief, Jureidini alleges that the procedures followed regarding Jureidini's FCRA disputes through e-Oscar were the procedures that Bank of America, HSBC Bank, and Synchrony Bank intended their employees and/or agents

to follow.

87.     On information and belief, Jureidini alleges that Bank of America, HSBC Bank, and
        Synchrony Bank's employees and/or agents did not make a mistake (in the way in
        which they followed applicable procedures) when they received, processed, and
        responded to the CRA Defendants' ACDVs and did not include the XB code in the CCC
        field.

88.     On information and belief, Jureidini alleges that Bank of America, HSBC Bank, and
        Synchrony Bank have not materially changed their FCRA investigation procedures
        despite learning of their failures in this case.

89.     In the alternative, Bank of America, HSBC Bank, and Synchrony Bank were negligent,
        which entitles Jureidini to recovery under 15 U.S.C. § 1681o.

90.     Jureidini is entitled to recover actual damages, statutory damages, costs, and
        attorney's fees from Bank of America, HSBC Bank, and Synchrony Bank in an
        amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## Applicable to All Counts

91.     Jureidini calls for trial by jury.

## Conclusion

        WHEREFORE, Jureidini prays that the Court enter a judgment for actual, statutory
and punitive damages against the Defendants, jointly and severally; for her attorney's fees
and costs; for prejudgment and post-judgment interest at the judgment rate; and such
other relief the Court deems just and proper.

Respectfully submitted,

**SABRINA C. JUREIDINI**

By _____

Counsel

Henry W. McLaughlin (VSB No. 07105)
Drew D. Sarrett (VSB No. 81658)
The Law Office of Henry McLaughlin, P.C.
Eighth and Main Building
707 East Main Street, Suite 1050
Richmond, Virginia 23219
(804)205-9020; fax (877) 575-0245
henry@mclaughlinvalaw.com
drew@mclaughlinvalaw.com
*Counsel for Sabrina C. Jureidini*